# United States District Court
## Southern District of Florida
### MIAMI DIVISION

UNITED STATES OF AMERICA          **AMENDED JUDGMENT IN A CRIMINAL CASE

v.                                                Case Number: 07-60064-CR-MORENO
                                                                 07-20919-CR-MORENO ✓

GLENN GUTTMAN

USM Number: 33213-112

Counsel For Defendant: Michael Nasatir
Counsel For The United States: Robin Waugh-Farretta
Court Reporter: Bill Romanishin

**Date of Original Judgment:** April 9, 2008
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563© or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

The defendant pleaded guilty to Counts One and Two of the Indictment (07-60064-CR-MORENO)
The defendant pleaded guilty to Counts One and Two of the Indictment (07-20919-CR-MORENO)
The defendant is adjudicated guilty of the following offenses):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute 50 grams or more of methamphetamine | February 17, 2007 | ONE |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute 50 grams or more of methamphetamine | February 17, 2007 | TWO |
| 21 U.S.C. § 841(a)(1) | Distributing, aiding or abetting the distribution of 50 grams or more of methamphetamine (actual) | December 7, 2006 | One and Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Original Imposition of Sentence:
April 9, 2008

_____
FEDERICO A. MORENO
Chief United States District Judge

April _____, 2008

DEFENDANT: GLENN GUTTMAN
CASE NUMBER: 07-60064-CR-MORENO/07-20919-CR-MORENO

## *****IMPRISONMENT

   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **28 Months. (Both cases to run CONCURRENT and all counts to run CONCURRENT.**


***It is recommended that FPC Lompoc be designated as the institution to which the defendant shall serve his sentence.

***The Defendant shall surrender to the United States Marshal or the institution designated by the Bureau of Prisons on **June 13, 2008** at **2:00 P.M.**

***It is recommended that the defendant be allowed to enter the 500-hour RDAP(Residential Drug and Alcohol Program)


## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                                              _____
                                                              UNITED STATES MARSHAL

                                                              By:_____
                                                                    Deputy U.S. Marshal

DEFENDANT: GLENN GUTTMAN
CASE NUMBER: 07-60064-CR-MORENO/07-20919-CR-MORENO

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years (concurrent on each case and all counts.**

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

      **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

      If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: GLENN GUTTMAN
CASE NUMBER: 07-60064-CR-MORENO/07-20919-CR-MORENO

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**No additional conditions of supervised release were imposed.**



USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

DEFENDANT: GLENN GUTTMAN
CASE NUMBER: 07-60064-CR-MORENO/07-20919-CR-MORENO

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $400.00 | $1,000 | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GLENN GUTTMAN
CASE NUMBER: 07-60064-CR-MORENO/07-20919-CR-MORENO

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

 A. Lump sum payment of **$400.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

 **U.S. CLERK'S OFFICE**
 **ATTN: FINANCIAL SECTION**
 **301 N. MIAMI AVENUE, ROOM 150**
 **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

The defendant shall forfeit the defendant's interest in the following property to the United States:

**2001 Black Boxter VIN #WPOCCB29811U660862**

The defendant's right, title and interest to the property identified in the preliminary order of forfeiture, which has been entered by the Court and is incorporated by reference herein, is hereby forfeited.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

